

**U.S. Department of Justice**

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*                    *John Joseph Moakley United States Courthouse*
                                                     *1 Courthouse Way*
                                                     *Suite 9200*
                                                     *Boston, Massachusetts 02210*

August 5, 2024

Joshua Hanye, Esq.
Caitlin B. Jones, Esq.
Assistant Federal Public Defenders
Office of the Federal Defender
51 Sleeper Street, #5
Boston, Massachusetts 02210

      Re:    *United States v. Amy Ringler Rountree*
                1:21-cr-10250-3 (NMG)

Dear Counsel:

The Acting United States Attorney for the District of Massachusetts ("the U.S. Attorney") and the Department of Justice Criminal Division's Fraud and Money Laundering and Asset Recovery Sections (together with the U.S. Attorney, "the Government") and your client, Amy Ringler Rountree ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

1.    <u>Change of Plea</u>

No later than August 12, 2024, Defendant will plead guilty to so much of Count 1 of the Superseding Indictment as charges bank fraud conspiracy, in violation of 18 U.S.C. § 1349. Defendant admits that Defendant committed this crime and is in fact guilty of it. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Superseding Indictment.

The Government agrees not to charge Defendant with other crimes based on the conduct underlying the crime charged in the Superseding Indictment that is known to the Government at this time.

1

2.    <u>Penalties</u>

Defendant faces the following maximum penalties on the Superseding Indictment: incarceration for 30 years; supervised release for 5 years; a fine of $1,000,000 or twice the gross gain or loss; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Superseding Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.    <u>Rule 11(c)(1)(C) Plea</u>

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment.  If the Court rejects any part of this Plea Agreement, the Government may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the Government void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.    <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 8:

      a) Defendant's base offense level is 7, because Defendant's offense of conviction is referenced to USSG § 2B1.1 and has a statutory maximum term of imprisonment of 20 years or more (USSG § 2B1.1(a)(1));

      b) Defendant's offense level is increased by 5, because Defendant's offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means (USSG § 2B1.1(b)(10)(C));

      c) Defendant's offense level is decreased by 2, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1); and

      d) Defendant's offense level is decreased by 2, because Defendant meets the criteria for the Zero-Point Offender reduction under USSG § 4C1.1.

Defendant understands that the Court is not required to follow this calculation.  Defendant

also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the Government's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.    <u>Agreed Disposition</u>

The parties agree on the following sentence:

    a) a sentence of time served to be followed by a one-year term of supervised release; and

    b) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

6.    <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence.  Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) Defendant will not challenge Defendant's <u>sentence</u>, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The Government agrees not to appeal the imposition of the sentence agreed to by the parties

in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the Government is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.    <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8.    <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea.  Defendant's conduct, however, would give the Government the right to be released from the Government's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, including statements made by Defendant under oath during the plea proceeding (notwithstanding Fed. R. Evid. 410(a)(3)), and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9.    <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant, the Acting U.S. Attorney for the District of Massachusetts, and the Department of Justice Criminal Division's Fraud and Money Laundering and Asset Recovery Sections. It does not otherwise bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10.    <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*        *        *

If this letter accurately reflects the agreement between the Government and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Seth B. Kosto.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By:    */s/Stephen E. Frank (SBK)*
_____
STEPHEN E. FRANK
Chief
Securities, Financial & Cyber Fraud Unit


*/s/Seth B. Kosto*
_____
SETH B. KOSTO
Deputy Chief
Securities, Financial & Cyber Fraud Unit

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

*/s/J. Randall Warden* (SBK)
_____
By:    J. RANDALL WARDEN
Trial Attorney

5

MARGARET A. MOESER
Chief, Money Laundering & Asset Recovery
Section
Criminal Division
U.S. Department of Justice

*/s/Elizabeth R. Carr (SBK)*

By:  ELIZABETH R. CARR
Trial Attorney

<u>ACKNOWLEDGMENT OF PLEA AGREEMENT</u>

I have read this letter and discussed it with my attorney.  The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts and the Department of Justice Criminal Division's Fraud and Money Laundering and Asset Recovery Sections.  There are no unwritten agreements between me and the Government, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea.  I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense.  I believe this Agreement is in my best interest.

_/s/ Amy Ringler Rountree_
_____
AMY RINGLER ROUNTREE
Defendant

Date: _____August 12, 2024_____

I certify that Amy Ringler Rountree has read this Agreement and that we have discussed what it means. I believe Amy Ringler Rountree understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the Government has not extended any other offers regarding a change of plea in this case.

_/s/ Joshua Hanye_
_____
JOSHUA HANYE, ESQ.
CAITLIN B. JONES, ESQ.
Attorneys for Amy Ringler Rountree

Date: _____August 12, 2024_____

7